FILED
2019 Dec-12 PM 03:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MANDY POWRZANAS, | } |
| Plaintiff, | } |
| v. | } Case No.: 2:18-CV-1931-MHH |
| JONES UTILITY AND CONTRACTING CO., RICHARD D. JONES, and PATRICIA JONES, | } |
| Defendants. | } |

**MEMORANDUM OPINION AND ORDER**

In her first amended complaint, Ms. Powrzanas asserts eight claims against Jones Utility, Richard Jones, and Patricia Jones, including claims for retaliation under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12203, and conspiracy to interfere with civil rights under 28 U.S.C. § 1985(2). The remaining six claims arise under Alabama law. (Doc. 12). This action is before the Court on the defendants' motions to dismiss. (Docs. 14, 17). Consistent with the discussion during the October 22, 2019 telephone conference in this matter, the Court grants the motions.

Ms. Powrzanas's ADA retaliation claim is barred for failure to timely file her EEOC charge. Ms. Powrzanas alleges that Jones Utility cancelled her COBRA

benefits without notice in February 2017. (Doc. 12, p. 16, ¶ 80). To file suit based on this alleged conduct, Ms. Powrzanas had to exhaust her administrative remedy by filing a charge with the EEOC within 180 days of the date on which the alleged unlawful employment practice occurred. *Maynard v. Pneumatic Products Co.*, 256 F.3d 1259, 1262 (11th Cir. 2001); *see also Price v. M&H Valve Co.,* 177 Fed. Appx. 1, 9 (11th Cir. 2006). Ms. Powrzanas filed an EEOC charge for the alleged retaliation on February 15, 2018, well beyond the 180-day deadline. (Doc. 12, p. 4, ¶¶ 14-15). Consequently, Ms. Powrzanas is procedurally barred from asserting her ADA retaliation claim.[1]

Res judicata bars Ms. Powrzanas's alternative theory of retaliation. She alleges that Jones Utility filed a state court lawsuit against her because she filed a federal lawsuit against Jones Utility. (Doc. 12, pp. 15-16, ¶ 81). Ms. Powrzanas raised this claim in her original lawsuit against Jones Utility. Judge Putnam reached the merits of that claim and dismissed it with prejudice under Rule 12(b)(6). *Powrzanas v. Jones Utility*, 2:17-cv-00975-TMP, Doc. 71, pp. 9-11. Judge Putnam determined that "the defendant did not file its complaint to dissuade the plaintiff from filing her EEOC charge or from filing her complaint after receiving her right

---

[1] Though not discussed during the October 22, 2019 conference, Ms. Powrzanas also alleges as retaliatory acts certain "direct and indirect threats" made by Mr. Jones. (Doc. 12, p. 15, ¶ 79). According to the complaint, Mr. Jones made threats of violence in December 2016, (Doc. 12, pp. 6-7, ¶¶ 27-32), and threatened a "potential lawsuit" in November 2016, (Doc. 12, p. 5, ¶ 26). Because these allegations were not filed with the EEOC until February 15, 2018, the retaliation claim insofar as it is based on these incidents also is time-barred.

to sue letter." *Powrzanas v. Jones Utility*, 2:17-cv-00975-TMP, Doc. 71, p. 11. The doctrine of res judicata bars a party from relitigating claims against the same defendant when a prior court of competent jurisdiction already has entered a final judgment on the merits. *Citibank, N.A. v. Data Lease Financial Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990). Because Judge Putnam has dismissed this retaliation claim on the merits, this Court must dismiss the claim as well.

For a similar reason, the Court dismisses Ms. Powrzanas's § 1985 conspiracy claim. Ms. Powrzanas alleges that Mr. and Mrs. Jones conspired to prevent her from proceeding with her lawsuit by following her on the highway. (Doc. 12, p. 17, ¶ 86). Ms. Powrzanas twice sought a restraining order from Judge Putnam on the basis of this allegation. In both instances, Judge Putnam conducted an evidentiary hearing wherein he heard the testimony of several witnesses, including Ms. Powrzanas and Mr. Jones. In an order denying the first motion, Judge Putnam found:

> Other than what appears to [be] a coincidental meeting on a public street being traveled by both parties, there is no evidence that Mr. Jones attempted to intimidate or threaten the plaintiff in almost two years. They both admit that there have been no communications between them for almost two years. There simply is no basis for finding that the coincidental meeting on Highway 31 in Gardendale was anything but a coincidence, not an intended effort to intimidate or threaten the plaintiff.

*Powrzanas v. Jones Utility*, 2:17-cv-00975-TMP, Doc. 52, pp. 7-8. Following the second evidentiary hearing, Judge Putnam again found no evidence that Mr. Jones attempted to intimidate or threaten the plaintiff. *Powrzanas v. Jones Utility*, 2:17-cv-

00975-TMP, Doc. 125, p. 7.  Though Judge Putnam was asked to make a factual determination based on a different legal standard, Ms. Powrzanas's request for a restraining order from Judge Putnam raised the same factual issue that she now asks this Court to decide.  Ms. Powrzanas may not relitigate Judge Putnam's factual finding in this action.  *See Baloco v. Drummond Co.*, 767 F.3d 1229, 1251 (11th Cir. 2014) ("Issue preclusion bars relitigation of an issue of fact or law that has been decided in a prior suit.").

Having dismissed the federal claims, the Court declines to address the merits of the state law claims.  Pursuant to 28 U.S.C. § 1367(c), the Court dismisses those claims, found in Counts III-VIII, without prejudice.  If she wishes, Ms. Powrzanas may pursue those claims in state court.  28 U.S.C. § 1367(d).

**DONE** and **ORDERED** this December 12, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE